UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYUMI ANDERSON,<br><br>  Plaintiff,<br><br>  v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>  Defendants. | Case No. 1:22-cv-01391-JLT-EPG<br><br>ORDER VACATING SCHEDULING CONFERENCE<br><br>(ECF No. 2)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS ACTION BE DISMISSED WITHOUT PREJUDICE DUE TO PLAINTIFF'S FAILURE TO COMPLY WITH A COURT ORDER AND LOCAL RULE 183(b)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS |

Plaintiff Mayumi Anderson is proceeding *pro se* in this civil action filed on October 28, 2022, against the State of California, Judge Ernest J. LiCalsi, Attorney Thomas J. Holthus, McCarthy Holthus, LLP, and M&T Bank. (ECF No. 1). Because Plaintiff has failed to comply with a court order and Local Rule 183(b), both of which require a plaintiff to notify the Court of the plaintiff's current address, the Court will vacate the scheduling conference and recommend that this action be dismissed without prejudice.

This Court's informational order entered on November 1, 2022, states as follows:

> A Plaintiff proceeding in propria persona has an affirmative duty to keep the Court and opposing parties informed of his or her current address. If a plaintiff moves and fails to file a notice of change of address, service of Court orders at plaintiff's

1

> prior address shall constitute effective notice. *See* Local Rule 182(f). If mail directed to plaintiff is returned by the U.S. Postal Service as undeliverable, the Court will not attempt to remail it. **If the address is not updated within 60 days of the mail being returned, the action will be dismissed for failure to prosecute.**

(ECF No. 2-1, p. 3).

Additionally, Local Rule 183(b) provides as follows:

> A party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address. If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

E.D. Cal. L.R. 183(b).

On November 1, 2022, the Clerk served Plaintiff at the address provided on the complaint with, among other documents, the Court's scheduling order, informational order, and summonses. However, the documents mailed to Plaintiff were returned as not deliverable as addressed on November 15, 2022. Since then, more than sixty-three days have passed, and Plaintiff has not filed a notice of change of address or anything else in this case.

> In determining whether to dismiss [a case] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan,* 291 F.3d at 642 (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest" and "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants." *Id.* at 642. As described above, Plaintiff has failed to

provide an updated address as required by a court order and LR 183(b), which interferes with docket management and keeps the case from progressing. Notably, by failing to provide an updated address so as to receive the Court's orders, Plaintiff lacks critical information for how to progress the case, for example, the date and means to participate in a scheduling conference. Accordingly, this factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* at 642 (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," and it is Plaintiff's inaction that is delaying the case from progressing. *Id.* at 643. Accordingly, this factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice. Accordingly, this factor weighs in favor of dismissal.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.* at 643.

Because Plaintiff has failed to provide the Court will a current address and there is no indication that Defendants have been served, IT IS ORDERED that the February 1, 2023 scheduling conference is vacated. (ECF No. 2).

And, after weighing the dismissal factors, IT IS RECOMMENDED as follows:

1. This case be dismissed, without prejudice, due to Plaintiff's failure to comply with a court order and Local Rule 183(b); and
2. The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**January 26, 2023**__    /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE